**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| JODY ZELLNER-DION, on behalf of herself and all others similarly situation, | ) ) ) | |
| Plaintiff, | ) ) | No. 10-CV-02587 (PJS/JSM) |
| v. | ) ) | |
| WILMINGTON FINANCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION**

Upon consideration of the Parties' Settlement Agreement dated February 27, 2013 (the "Settlement Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the arguments of counsel at a hearing held on March 12, 2013, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein.  Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.      Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23, this Court hereby provisionally approves the following settlement class:

> All borrowers who, during the period from May 21, 2004 to present, paid a prepayment charge (or a portion thereof) upon the payoff of a loan, where (a) the loan upon which the borrower was an obligor was secured by property located in the State of Minnesota; (b) the mortgage contract contains a prepayment penalty term; and (c) the promissory note and mortgage identify the lender on the loan as "Wilmington Finance, a division of AIG Federal Savings Bank," "Wilmington Finance, a division of AIG FSB," "Wilmington Finance, Inc.," and/or some other name that includes "Wilmington Finance."

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.      For settlement purposes only, and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, the Settlement Class is provisionally found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Representative Plaintiff, Jody Zellner-Dion, is conditionally designated as representative of the Settlement Class and the following attorneys are conditionally appointed as Class Counsel for the Settlement Class:

Richard J. Fuller
Attorney at Law
400 S. Fourth Street, Suite 202
Minneapolis, MN  55415
(612) 294-2600

Rob Treinen
Treinen Law Office PC
500 Tijeras Avenue, NW
Albuquerque, NM  87102
(505) 247-1980

Douglas L. Micko
Vildan A. Teske
Marisa C. Katz
Crowder, Teske, Katz & Micko PLLP
222 S. Ninth Street, Suite 3210
Minneapolis, MN  55402
(612) 746-1558

5.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 13 of this Order.   Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.      Pursuant to the terms of the Settlement Agreement, Plaintiff, Defendant, and Rust Consulting, Inc. shall undertake all actions required of them under this Court's PCMI Order, which is being entered contemporaneously herewith, within the time frames set forth in that Order.  Further, upon completion of the protocol provided for in the PCMI Order, Defendant shall prepare the Class Member List in accordance with the terms of the Settlement Agreement. Within twenty (20) days after the completion of the protocol provided for in the PCMI Order, and pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the Settlement Administrator – Tilghman & Co. – to provide notice of the Settlement and of the Court Approval Hearing to each Class Member by mailing to the last known address for the Class Member a copy of the applicable Class Notice, substantially in the forms of the documents attached to the Settlement Agreement as Exhibits B (for Class Members with one of the Rust Determined Loans) and C (for Class Members with one of the Rust Undetermined Loans).  The Settlement Administrator shall also, with respect to Class Members as to the Rust Undetermined Loans, include the Claim Form as part of the same mailing as the Class Notice.  In those cases where a Class Member had two or more Loans potentially entitling the Class Member to relief under the Agreement, the Settlement Administrator shall mail to the Class Member a separate Class Notice, together with a Claim Form (if applicable), as to each such Loan.  Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notices and Claim Form to conform with the dates and deadlines specified for such events in this Order. The Settlement Administrator also shall have discretion to format the Class Notices and Claim Form in a reasonable manner before mailing to minimize mailing or administration costs.

7.      If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, then the Settlement

Administrator shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail. If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall have no additional obligation to locate the Class Member or re-mail the Class Notice and Claim Form. Further, in any such case, Class Counsel may, at their own cost and expense, attempt to obtain additional, updated addresses for the Class Member and provide them to the Settlement Administrator, as provided for in Paragraph 2.05 of the Agreement.

8.	The Court finds that the Settlement Agreement's plan for Class Member identification and notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notices comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice to Class Members other than that identified in the Settlement Agreement is reasonably necessary in the Action. Finally, as to the Rust Undetermined Loans, the Court finds that the requirement of a Claim Form is reasonable and necessary in light of the lack of available information as to the payment, if any, of a Prepayment Charge on such Loans. The postmark deadline for any Class Member as to the Rust Undetermined Loans to return a valid Claim Form is **September 12, 2013**. Claim Forms postmarked after that date, or otherwise not meeting the requirements for a valid Claim Form set forth in paragraph 1.44 of the Agreement, will be treated as invalid.

9.	Defendant shall have the right to challenge whether any Class Member as to any of the Rust Determined Loans paid a Prepayment Charge. For that purpose, Defendant shall have the right, with a Class Member's consent or waiver, to obtain information from any lender

or loan servicer about the payment of a Prepayment Charge on any of the Rust Determined Loans. Defendant also may, pursuant to the terms of the Settlement Agreement, request that Class Members as to any of the Rust Determined Loans provide such consent or waiver or, in the alternative, documents in the Class Member's possession concerning the payment of a Prepayment Charge. In the event of such a request, Class Counsel shall use reasonable efforts to obtain and provide the requested consent, waiver, or requested documents to Defendant.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than **July 24, 2013**. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Class Member's full name, address and telephone number; (b) contain the property address which secured the Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-obligors on the same Loan, the Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors as to that Loan elect to and validly opt-out in accordance with this Order and the terms of the Agreement. In the event a Class Member is a Class Member as to more than one Loan, the Opt-Out must specify

the Loan(s) as to which the Class Member is opting out by loan number, property address, date of Loan, and/or some other unique information identifying the specific Loan as to which the Class Member is opting out. If opting out Class Member is a Class Member as to more than one Loan and the Opt-Out does not specifically identify the Loan as to which the Class Member is opting out, the Class Member will be deemed to be requesting exclusion only as to the most recent Loan. Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Settlement Agreement, and the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in paragraphs 4.01 and 4.02 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

11. On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendant, and the Settlement Administrator shall create, and file with the court under seal to protect the personal information of the Class Members, a comprehensive list containing the full names and addresses of any Successful Opt-Outs.

12. Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, on or before **July 24, 2013**. Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Loan; (c) contain the Class Member's original signature (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d)

state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the Objection; and (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Objections may be submitted by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned at 8**:30 a.m. on August 13, 2013**, in the United States District Court for the District of Minnesota, 14E U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be awarded to Representative Plaintiff, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     All objections, statements, or other submissions by any party or government entity noticed pursuant to 28 U.S.C. § 1715, or that claims a right to have been noticed under 28

U.S.C. § 1715, shall be mailed or hand-delivered to Class Counsel and Counsel for the Defendants, on or before **July 24, 2013**.

15.     Memoranda in support of the Settlement, applications for an Attorney Fee/Litigation Cost Award, and applications for a Class Representative Award to Representative Plaintiff shall be filed with the Court no later than seven (7) days before the Court Approval Hearing.

16.     Any Class Member, as well as any party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715), who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must mail or hand-deliver to the Court a notice of appearance in the Action, and mail the notice and other pleadings to Class Counsel and Counsel for the Defendant, on or before **July 24, 2013**.

17.     No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.  Further, no party (including but not limited to any party or government entity noticed pursuant to 28 U.S.C. § 1715 or that claims an entitlement to have been noticed under 28 U.S.C. § 1715) shall be permitted to raise matters at the Court Approval Hearing that the party could have raised in a statement or other submission, but failed to raise.

18.     Any Class Member, as well as any party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715), who wishes to intervene in the Action or seek other relief from the Court must mail or hand-deliver to the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendant, an appropriate motion or application, together with all supporting pleadings or documents, on or before **July 24, 2013**.

19. Any Class Member, and any party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715), who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

20. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

21. Defendant and Counsel for the Defendant are hereby authorized: (a) to establish the means necessary to administer the Settlement; and (b) to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

22. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

23. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or

unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

24. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by the Defendant, who denies all of the claims and allegations raised in the Action.

25. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendant and without future notice to the Class Members.

26. Except as set forth in this Order and the Settlement Agreement, Representative Plaintiff, Class Counsel, and each of the Releasing Persons and the Counsel Releasing Parties shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or the Settlement, or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or the Settlement of the Action, excepting only that such statements may be made to individual Class Members in one-on-one communications.

DATED: March 19, 2013.

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge