## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| JODY ZELLNER-DION, on behalf of herself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   File No. 10-CV-02587 (PJS/JSM) |
| | ) |
| WILMINGTON FINANCE, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

_____

## FINAL ORDER APPROVING SETTLEMENT
## CERTIFYING SETTLEMENT CLASS, AND DISMISSING ACTION

This matter having come before the Court on August 13, 2013 upon the Motion of

Representative Plaintiff, individually and on behalf of a class of persons, for final

approval of a settlement reached between the Parties, and upon review and consideration

of the Settlement Agreement dated February 27, 2013 and the modification thereto dated

August 6, 2013 (collectively, the "Settlement Agreement" or "Agreement"), the exhibits

to the Settlement Agreement, the evidence and arguments of counsel presented at the

Court Approval Hearing, and the submissions filed with this Court in connection with the

Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1.      The Settlement Agreement is hereby incorporated by reference into this

Final Order Approving Settlement, Certifying Settlement Class, and Dismissing Action

("Order"), and is hereby adopted by this Court. Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

2.      For settlement purposes only, the Settlement Class, as that term is defined in the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) & (b)(3).

3.      Solely for the purpose of the Settlement and pursuant to Fed. R. Civ. P. 23(a) & (b)(3), the Court hereby finally certifies the Settlement Class. If, for any reason, the Settlement does not become effective, this certification shall be null and void, and shall not be used or referred to for any purpose in the Action or any other action or proceeding.

4.      For purposes of settlement, the Court appoints Representative Plaintiff as representative of the Settlement Class, and finds that she meets the requirements of Fed. R. Civ. P. 23(a).

5.      For purposes of settlement, the Court appoints the following lawyers as counsel to the Settlement Class, and finds that these counsel meet the requirements of Fed. R. Civ. P. 23(a):

Richard J. Fuller
Attorney at Law
400 S. Fourth Street, Suite 506M
Minneapolis, MN 55415
(612) 315-2251

Rob Treinen
Treinen Law Office PC
500 Tijeras Avenue, NW
Albuquerque, NM 87102
(505) 247-1980

Douglas L. Micko
Vildan A. Teske
Marisa C. Katz
Crowder, Teske, Katz & Micko PLLP
222 S. Ninth Street, Suite 3210
Minneapolis, MN 55402
(612) 746-1558

6.     As set forth in the Class Notice, this Court convened the Court Approval Hearing at 8:30 A.M. on August 13, 2013.

7.     Pursuant to Federal Rule of Civil Procedure 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiff's claims and Defendant's defenses.

8.     The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23.  The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to and request exclusion from, the Settlement, it has jurisdiction over all Class Members.  The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied. This Court finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendant in connection with the Settlement, and that it has been more than ninety (90) days since March 15, 2013 (as well as an update on March 20, 2013), on which the notices required under the statute were served upon the appropriate state and federal officials. Accordingly, no Class Member may refuse to comply with or be bound by the Settlement Agreement or this Order.

9.     After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration of the litigation; the lack of any opposition or objections to the Settlement; the lack of any Successful Opt-Outs from the Settlement; the reaction of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Settlement Class. Accordingly, the Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10.     Upon consideration of Class Counsel's application for attorneys' fees and litigation costs, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at $250,000. This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiff's Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiff or Class Members (or any of them), and (c) Representative Plaintiff or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

11.     Upon consideration of the application for an award to Representative Plaintiff, the amount of the Representative Plaintiff Award is hereby fixed at $10,000.

12.     In accordance with the Agreement, and to effectuate the Settlement, Defendant shall cause:

(a) the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b) the aggregate Attorney Fee/Litigation Cost Award made in Paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement;

(c) the Representative Plaintiff Award made in Paragraph 11 above to be disbursed to Class Counsel in accordance with the terms of the Agreement;

(d) the Settlement Administration Costs to be paid to the Settlement Administrator and the Mediator, if applicable, in accordance with the terms of the Agreement; and

(e) the Settlement Amount Excess, if any, to be disbursed to the cy pres recipients identified in the Settlement Agreement in accordance with the terms and upon the limitations set forth in the Settlement Agreement.

13.     The Action and all claims against Wilmington are hereby dismissed on the merits and with prejudice, and the Clerk will be directed to enter judgment to that effect in the Action.  The judgment shall be without costs to any Party.

14.     Representative Plaintiff, Plaintiff's Counsel and each Class Member shall be forever bound by this Order and the Agreement including the Release and covenants not to sue set forth in paragraphs 4.01 and 4.02 of the Agreement providing as follows:

4.01   Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, (i) Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs**,** costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to: (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action concerning anything having to do with a Prepayment Charge and/or prepayment penalty provision in a mortgage contract; (b) the charging and/or collection of all and/or any portion of a Prepayment Charge ; (c) written and oral disclosures, representations, omissions, acts, conduct, or statements concerning a prepayment charge and/or prepayment penalty provision in a mortgage contract; (d) written and oral disclosures, representations, omissions, acts, conduct or statements concerning any actual or alleged practice, policy, and/or procedure of Defendant and/or the Released Parties relating to a Prepayment Charge and/or the inclusion of a prepayment penalty provision in a mortgage contract; (e) the claims asserted or that were required to have been asserted in the Action; (f) claims that all or any portion of any Prepayment Charge violates any state and/or federal law, and/or the common law; (g) claims that a prepayment penalty provision in the mortgage contract violates any state and/or federal law, and/or the common law; and/or (h) any violation and/or alleged

violation of state and/or federal law, whether common law or statutory, arising from or relating to the acts and/or omissions described in Paragraph 4.01(a)-(g) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and/or claim and issue preclusion.

4.02   Representative Plaintiff and each of the Releasing Persons and Counsel Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraph 4.01, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Paragraph 4.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

15.    The Release set forth in paragraph 14 above and in the Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, Class Members and/or the Class Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

16.    Defendant, Wilmington, and any Released Person are hereby released and forever discharged by Representative Plaintiff, Class Members and the Class Releasing Parties from all matters and claims within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

17.    Representative Plaintiff, Plaintiff's Counsel and each and every Class Member are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendant, Wilmington, or any Released Person any claim that was

brought in the Action for which a release and covenant not to sue is being given under the Agreement.

18.     This Order, the Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of Defendant whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendant to enforce the Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Parties may, by mutual agreement, amend, modify, or expand the provisions of the Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

20.     In the event that Final Approval is not achieved for any reason, then the Agreement, this Order, the certification of the Settlement Class and all other terms herein, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

21.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

22.     This Order follows this Court's Order Preliminarily Approving Settlement and with respect to Class Notice, Court Approval Hearing and Administration (March 19, 2013 "Preliminary Approval Order"), and supersedes the Preliminary Approval Order to the extent of any inconsistency.

23.     Without in any way affecting the finality of this Order for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement and this Order.

LET JUDGMENT BE ENTERED AS FOLLOWS:

1.  The Settlement Agreement is APPROVED.

2.  The Court certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes:

All borrowers who, during the period from May 21, 2004 to March 19, 2013, paid a prepayment charge (or a portion thereof) upon the payoff of a loan, where (a) the loan upon which the borrower was an obligor was secured by property located in the State of Minnesota; (b) the mortgage contract contains a prepayment penalty term; and (c) the promissory note and mortgage identify the lender on the loan as "Wilmington Finance, a division of AIG Federal Savings Bank," "Wilmington Finance, a division

of AIG, FSB," "Wilmington Finance, Inc." and/or some other name that includes "Wilmington Finance."

3. Class counsel are awarded $250,000 in attorney's fees and costs.

4. Plaintiff Jody Zellner-Dion is awarded a $10,000 service award as the class representative.

5. This action and all claims against defendant are hereby dismissed on the merits and with prejudice, and without costs to any party other than those awarded to class counsel in this order.

6. The Releasing Persons and Counsel Releasing Parties are deemed to have released claims against the Released Persons in accordance with paragraphs 4.01 and 4.02 of the Settlement Agreement as set forth above.

Dated: August 13, 2013                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge